

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-7-2005

# Ferguson v. Apker

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4556

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Ferguson v. Apker" (2005). *2005 Decisions*. Paper 1057.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1057

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BPS-234                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-4556
_____

FARLEY L. FERGUSON,
Appellant

v.

CRAIG APKER, Warden

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 04-cv-02164 )
District Judge:  Honorable A. Richard Caputo

_____

Submitted For Possible Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
May 5, 2005

Before:  RENDELL, FISHER and VAN ANTWERPEN, CIRCUIT JUDGES

(Filed: June 7, 2005)

_____

OPINION

_____

PER CURIAM

Farley L. Ferguson appeals from an order of the United States District Court for

the Middle District of Pennsylvania denying his petition for a writ of habeas corpus filed

pursuant to 28 U.S.C. § 2241. When he filed his section 2241 petition, Ferguson was an inmate at Allenwood Federal Prison Camp in Pennsylvania, serving a 12-month sentence for failure to pay taxes and to file income tax returns.

On December 20, 2002, the Federal Bureau of Prisons (BOP) adopted a policy limiting a prisoner's Community Corrections Center (CCC) placement to the lesser of 10% of a prisoner's sentence or six months. See 18 U.S.C. § 3624(c). Before the policy change, a prisoner was eligible for up to 6 months of CCC custody, even if the 6 months constituted more than 10% of the prisoner's sentence.

In applying the new policy, the BOP set Ferguson's CCC placement for April 12, 2005, the final 30 days of his sentence. In his section 2241 petition, Ferguson claimed that he was entitled to a CCC placement for the final 6 months of his sentence. Ferguson requested that he be transferred to a CCC facility, and also requested that the BOP consider him under the criteria in place before the December 2002 policy change.

The District Court explained that the appropriate remedy in this case would be to grant the writ and direct the BOP to consider Ferguson for CCC placement under the pre-December 2002 policy. The District Court then concluded that Ferguson had already received the relief the Court would have awarded him because the BOP had conducted a Special Team Meeting on October 12, 2004, to consider Ferguson's CCC placement under its pre-December 2002 policy. Moreover, the District Court reviewed the factors considered by the BOP in its reconsideration of Ferguson's CCC placement date, and

2

concluded that the BOP's decision was neither irrational nor arbitrary, and that there was thus no basis for interfering with the BOP's decision. Accordingly, the District Court denied relief. Ferguson timely filed this appeal.

We agree with the District Court that there is no basis for interfering with the BOP's decision regarding Ferguson's CCC placement date. Assuming arguendo that Ferguson was entitled to reconsideration under the prior BOP policy, the record reflects that the BOP considered Ferguson for CCC custody under its pre-December 2002 policy on October 12, 2004, and Ferguson has thus been afforded the relief to which he would have been entitled. Ferguson did not have a right to immediate CCC placement; rather, he only had a right to have the BOP consider whether he should be transferred to a CCC.

On appeal Ferguson argues that the District Court should have converted his section 2241 petition into a civil rights action. See Richmond v. Scibana, 387 F.3d 602 (7th Cir. 2004) (holding that a prisoner may not use a section 2241 habeas proceeding to contest the BOP's CCC placement policy). We see no need to address this issue because the BOP expressly elected to address the merits of Ferguson's claims. Thus, regardless of whether this action was proper as a section 2241 habeas proceeding, or whether it should have been brought as a civil rights action, the District Court properly reached the merits and denied relief. To the extent that Ferguson attempted to raise an equal protection claim, that claim lacks merit. Ferguson has not alleged that other similarly situated

3

prisoners were released into CCC custody for 6 months even though their CCC placement constituted more than 10% of their sentence.

In sum, because Ferguson's appeal of the denial of his petition presents "no substantial question," 3d Cir. LAR 27.4 and I.O.P. 10.6, we will summarily affirm the District Court's judgment.

4